# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 13-1517   Robert E. Graham v. National Union Fire Ins. |
| **Originating No. & Caption** | 1:10-cv-00453  Robert E. Graham v. National Union Fire Ins. |
| **Originating Court/Agency** | USDC Southern District of West Virginia at Charleston |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 12 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days from Judgment | |
| Date of entry of order or judgment appealed | March 14, 2013 | |
| Date notice of appeal or petition for review filed | March 29, 2013 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | March 29, 2013 | |
| Date order entered disposing of any post-judgment motion | April 19, 2013 | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ⦿ Yes | ○ No |

01/30/2013
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 11-1222 | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| This is an appeal from the United States District Court for the Southern District of West Virginia's Judgment Order of March 14, 2013, awarding final judgment to Appellant Robert E. Graham (hereinafter "Graham") in the amount of $278,273.56.  Graham filed suit in the Court below alleging that National Union Fire Insurance Co. of Pittsburgh Pennsylvania (hereinafter "National Union") breached its contractual duty to defend Graham from a lawsuit brought by the State of West Virginia.  Graham previously prevailed on appeal (No. 11-1222) of the United States District Court for the Southern District of West Virginia's Order granting summary judgment in favor of National Union on the issue of liability, which order was reversed and remanded by order dated April 11, 2012.  Upon remand, the only issues remaining for the District Court related to the appropriate remedies available to Graham.  The parties filed cross-motions for summary judgment, essentially arguing about whether Graham was entitled to damages for aggravation and inconvenience and prejudgment interest on his special damages.  On March 7, 2013, the Court below issued a Memorandum Opinion and Order granting National Union's motion for partial summary judgment (Doc. No. 46) and denying Graham's cross-motion for partial summary judgment (Doc. No. 48), and ordered Graham to submit a renewed demand for damages.  (continued on separate page) |

**13-1517    Graham v. National Union Fire Ins.**

**Nature of Case (continued):**

Thereafter, on March 14, 2013, the Court below vacated its March 7, 2013 Order, insofar as it ordered Graham to submit a renewed demand for damages, based on the amount of damages stipulated by National Union in its memorandum in support of its motion for summary judgment (Doc. No. 47) and "Exhibit A" (Doc. No. 49) (Graham's Attorney-Client Agreement with Carey, Scott, Douglas & Kessler, PLLC). On March 29, 2013, Graham filed a motion to reconsider, or in the alternative, to certify questions to the West Virginia Supreme Court of Appeals (Doc. No. 73). By Memorandum Opinion and Order (Doc. No. 80) dated April 19, 2013, said motion was denied. On March 29, 2013, Graham filed a timely Notice of Appeal.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the District Court erred in ruling that Graham is not entitled to (1) damages for aggravation and inconvenience under Hayseeds Inc. v. State Farm Fire & Cas., 352 S.E.2d 73 (W.Va. 1986) and its progeny, and (2) prejudgment interest on the special damages he incurred as a result of National Union's breach of its contractual duty to defend Graham against a lawsuit filed by the State of West Virginia. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: National Union Fire Insurence Co. of Pittsburgh Pennsylvania<br><br>Attorney: Don C.A. Parker<br>Address: Spilman Thomas & Battle, PLLC<br>300 Kanawha Boulevard, East<br>P.O. Box 273<br>Charleston, WV 25321-0273<br><br>E-mail: dparker@spilmanlaw.com<br><br>Phone: (304) 340-3800 | Adverse Party: National Union Fire Insurence Co. of Pittsburgh Pennsylvania<br><br>Attorney: Glen A. Murphy<br>Address: Spilman Thomas & Battle, PLLC<br>300 Kanawha Boulevard, East<br>P.O. Box 273<br>Charleston, WV 25321-0273<br><br>E-mail: gmurphy@spilmanlaw.com<br><br>Phone: (304) 340-3800 |
| **Adverse Parties (continued)** ||
| Adverse Party: National Union Fire Insurence Co. of Pittsburgh Pennsylvania<br><br>Attorney: Andrew S. Dornbos<br>Address: Spilman Thomas & Battle, PLLC<br>300 Kanawha Boulevard, East<br>P.O. Box 273<br>Charleston, WV 25321-0273<br><br>E-mail: adornbos@spilmanlaw.com<br><br>Phone: (304) 340-3800 | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

| Appellant (Attach additional page if necessary.) ||
|---|---|
| Name: Robert E. Graham<br><br>Attorney: John A. Kessler<br>Address: Carey, Scott, Douglas & Kessler, PLLC<br>901 Chase Tower, 707 Virginia St., East<br>P.O. Box 913<br>Charleston, WV 25323<br><br>E-mail: jakessler@csdlawfirm.com<br><br>Phone: (304) 345-1234 | Name: Robert E. Graham<br><br>Attorney: Michael W. Carey<br>Address: Carey, Scott, Douglas & Kessler, PLLC<br>901 Chase Tower, 707 Virginia St., East<br>P.O. Box 913<br>Charleston, WV 25323<br><br>E-mail: mwcarey@csdlawfirm.com<br><br>Phone: (304) 345-1234 |
| **Appellant (continued)** ||
| Name: Robert E. Graham<br><br>Attorney: David R. Pogue<br>Address: Carey, Scott, Douglas & Kessler, PLLC<br>901 Chase Tower, 707 Virginia St., East<br>P.O. Box 913<br>Charleston, WV 25323<br><br>E-mail: drpogue@csdlawfirm.com<br><br>Phone: (304) 345-1234 | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

Signature: /s/ John A. Kessler          Date: April 24, 2013

Counsel for: Robert E. Graham

Certificate of Service: I certify that on ___April 24, 2013___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

|  |  |
|---|---|
|  |  |

Signature: /s/ John A. Kessler          Date: April 24, 2013