RECORD NO. 13-1517

IN THE

# United States Court of Appeals
FOR THE FOURTH CIRCUIT

ROBERT E. GRAHAM,

*Plaintiff-Appellee,*

v.

NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

PETITION FOR REHEARING

MICHAEL W. CAREY
JOHN A. KESSLER
DAVID R. POGUE
CAREY, SCOTT, DOUGLAS & KESSLER, PLLC
901 Chase Tower
707 Virginia Street East
Post Office Box 913
Charleston, West Virginia 25323
(304)345-1234

*Counsel for Appellant*

# TABLE OF CONTENTS

**PAGES**

TABLE OF AUTHORITIES .................................... ii

INTRODUCTION ............................................ 1

ARGUMENT ................................................ 3

CONCLUSION .............................................. 7

# TABLE OF AUTHORITIES

## CASES                                                                                                        PAGES

Graham v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,
2014 WL 350147 (4th Cir. Feb. 3, 2014) .................................. 3, 4, 5

Grove v. Myers,
382 S.E.2d 536 (W.Va. 1989) ........................................ 2, 3, 4, 5, 6, 7

Hayseeds, Inc. v. State Farm Fire & Cas.,
352 S.E.2d 73 (W.Va. 1986) ..................................................... 1

Miller v. Fluharty,
500 S.E.2d 310 (W.Va. 1997) ..................................................... 6

Simmental Ass'n v. Coregis Ins. Co.,
282 F.3d 582, 591 (8th Cir. 2002) ............................................ 2, 6, 7

## STATUTES

W.Va. Code § 56-6-31 .............................................. 2, 3, 4, 5, 6

## OTHER AUTHORITIES

Fed. R. App. P. 40 ............................................................. 3, 6, 7

U.S. Ct. of App. 4th Cir. Rule 40(b) ........................................ 3, 6, 7

# INTRODUCTION

This case involves the remedies available to Appellant Robert E. Graham (hereinafter "Graham"), a first-party insured who substantially prevailed against his insurer, Appellee National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "National Union"), in a suit regarding the latter's refusal to defend Graham in an action filed by the State of West Virginia (hereinafter "the State"). The precise issues in this case are (1) whether Graham is entitled to damages for aggravation and inconvenience, pursuant to Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d 73 (W.Va. 1986) and its progeny, and (2) whether Graham is entitled to prejudgment interest on the special damages that he incurred as a result of National Union's breach of its contractual duty to defend (*i.e.* the attorney fees, expenses, and advanced costs that Graham incurred in defending against the State's lawsuit).

In an opinion dated February 3, 2014, this Court concluded that Graham was entitled to damages for aggravation and inconvenience, but was not entitled to prejudgment interest. In the undersigned counsel's judgment, a material legal matter was overlooked in this Court's decision regarding the availability of prejudgment interest, and the opinion conflicts with the decision of another court of appeals. More specifically, the Court's opinion that Graham's special damages were not liquidated until National Union stipulated to the precise amount due, and that the absence of liquidation is enough to exclude Graham's special damages from the reach of the

West Virginia prejudgment interest statute, overlooks the plain language of W.Va. Code § 56-6-31(a) and the West Virginia Supreme Court of Appeals' holding in Grove v. Myers, 382 S.E.2d 536 (W.Va. 1989). West Virginia's prejudgment interest statute provides for prejudgment interest on *special or* liquidated damages. Furthermore, the West Virginia Supreme Court of Appeals held in Grove, which was cited in Graham's briefs, that a party is entitled to prejudgment interest on his special damages if the amount of such damages "is certain or reasonably ascertainable." Thus, there is no requirement under West Virginia law that the damages be *liquidated*; a plaintiff is entitled to prejudgment interest on his *special* damages if they are *reasonably ascertainable*.

In addition to overlooking and/or conflicting with the West Virginia Supreme Court of Appeals' holding in Grove, this Court's opinion conflicts with the United States Court of Appeals for the Eighth Circuit's decision in Simmental Ass'n v. Coregis Ins. Co., 282 F.3d 582, 591 (8th Cir. 2002), which was also cited in Graham's briefs. In Simmental, the Eighth Circuit concluded that attorney fees incurred as a result of an insurer's breach of its duty to defend were sufficiently ascertainable to require an award of prejudgment interest under Montana law, which is substantially similar to West Virginia law on this issue.

Accordingly, for the foregoing reasons, Graham respectfully petitions this

2

Court for rehearing pursuant to Fed. R. App. P. 40 and U.S. Ct. of App. 4th Cir. Rule 40(b).

## ARGUMENT

In concluding that Graham's special damages (the attorney fees that Graham incurred in defending against the State's lawsuit after National Union breached its contractual duty to defend) were not liquidated until National Union stipulated to the precise amount due, and that the absence of liquidation is enough to exclude his special damages from the reach of West Virginia's prejudgment interest statute, this Court overlooked the plain language of W.Va. Code § 56-6-31(a) and the West Virginia Supreme Court of Appeals' holding in Grove.

On page 14 of its opinion, this Court recognized that "West Virginia law authorizes an award of prejudgment interest on '*special or liquidated* damages' from the date of their accrual." See Graham v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 2014 WL 350147 (4th Cir. Feb. 3, 2014)(*citing* W.Va. Code § 56-6-31(a))(emphasis added). Indeed, West Virginia's prejudgment interest provides, in relevant part. as follows:

> Except where it is otherwise provided by law, every judgment or decree for the payment of money, whether in an action sounding in tort, contract or otherwise, entered by any court of this state shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not: *Provided,* That if the judgment or decree, or any part

3

> thereof, *is for special damages*, as defined below, *or for liquidated damages*, the amount of *special or liquidated* damages shall bear interest at the rate in effect for the calendar year in which the right to bring the same shall have accrued, as determined by the court and that established rate shall remain constant from that date until the date of the judgment or decree, notwithstanding changes in the federal reserve district discount rate in effect in subsequent years prior to the date of the judgment or decree. *Special damages* includes lost wages and income, medical expenses, damages to tangible personal property and similar out-of-pocket expenditures, as determined by the court.

W. Va. Code § 56-6-31. Thus, the statute applies to more than just "liquidated damages." By its express terms, it also applies to *special damages*, which it defines to include "medical expenses . . . and similar out-of-pocket expenditures."[1] On page 16 of its opinion, this Court recognized that Graham incurred "similar out-of-pocket expenditures" when it stated that "[t]here being no requirement that the circuit court approve any aspect of Graham's private fee arrangement with his attorneys in the State lawsuit, it is apparent that Graham became liable for those hourly fees as they were incurred, up to the entry of judgment." *See* Graham, 2014 WL 350147. To hold that Graham is not entitled to prejudgment interest on these *special* damages simply because they were not *liquidated* overlooks the plain language of W. Va. Code § 56-6-31.

---

[1] The West Virginia Supreme Court of Appeals recognized in Grove that the thrust of the phrase "similar out-of-pocket expenditures" in W.Va. Code § 56-6-31 "is to make general damages, such as pain and suffering, not subject to prejudment interest." 382 S.E.2d at 543.

4

Furthermore, this Court's opinion cited <u>Grove</u> for the proposition that "if an item of damages is adjudged within the statute, prejudgment interest is mandatory." *See* <u>Graham</u>, 2014 WL 350147 (*citing* <u>Grove</u>, 382 S.E.2d at 540). However, this Court did not address Syllabus Point 3 of <u>Grove</u>, which holds as follows:

> Under W.Va.Code, 56-6-31, as amended, prejudgment interest *is to be recovered* on special or liquidated damages incurred by the time of the trial, whether or not the injured party has by then paid for the same. *If there is sufficient evidence to demonstrate that the injured party is obligated to pay for medical or other expenses* incurred by the time of the trial, *and if the amount* of such expenses is certain *or reasonably ascertainable*, prejudgment interest on those expenses *is to be recovered* from the date the cause of action accrued.

Syl. Pt. 3, <u>Grove</u>, 382 S.E.2d 536 (emphasis added).

As demonstrated above, the West Virginia Supreme Court of Appeals mandated in Syllabus Point 3 of <u>Grove</u> that prejudgment interest "is to be recovered" when a plaintiff is obligated to pay for medical or other expenses, and the amount of such expenses is *reasonably ascertainable*. This Court recognized that Graham incurred legal expenses as direct damages when National Union breached its duty to defend, and that he "became liable for those hourly fees as they were incurred[.]" *See* <u>Graham</u>, 2014 WL 350147. However, this Court denied prejudgment interest to Graham because of the Court's finding that the fees were not "liquidated."[2] This

---

[2] This Court appeared to base its conclusion that the absence of liquidation is enough to exclude Graham's special damages from West Virginia's

5

Court did not discuss whether Graham's damages were reasonably ascertainable.[3] Thus, this Court's opinion on the prejudgment interest issue overlooks (1) the language W.Va. Code § 56-6-31 which states that prejudgment interest applies to *special damages*, not just liquidated damages; and (2) the holding in Grove that prejudgment interest is to be recovered on *special damages* where the amount of such damages is reasonably ascertainable. Accordingly, Graham seeks a rehearing pursuant to Fed. R. App. P. 40 and U.S. Ct. of App. 4th Cir. Rule 40(b).

In addition, this Court's opinion conflicts with the opinion of the United States Court of Appeals for the Eighth Circuit's opinion in Simmental. In Simmental, the Eighth Circuit addressed a situation, like the case at bar, in which an insured sued its insurers after they refused to defend the insured from a civil lawsuit, forcing the insured to defend at its own expense. 282 F.3d at 585-86. The Eighth Circuit decided the case under the law of the State of Montana, which held that prejudgment

---

prejudgment interest statute on Miller v. Fluharty, 500 S.E.2d 310 (W.Va. 1997). However, as this Court recognized, Miller involved only attorney fees incurred in litigation with the insurer, and did not address attorney fees incurred as direct/special damages as a result of the insurer's breach of its contractual duty to defend. The controlling case for determining the availability of prejudgment interest on direct/special damages is Grove.

[3] Given that Graham's special damages were easily calculable and that National Union did not even dispute the amount of such damages, it cannot be disputed that Graham's special damages were reasonably ascertainable.

interest must be awarded on damages that are "certain or capable of being made certain by calculation." Id. at 590. This is essentially the same rule as the West Virginia Supreme Court of Appeals' mandate in Grove that prejudgment interest is to be recovered on special damages that are "certain or reasonably ascertainable." Under this substantially identical rule, the Eighth Circuit held that "the defense costs sought by [the insured] were sufficiently calculable . . . because [the insured's] attorney bills contained no ambiguity and no room for interpretation." Simmental, 282 F.3d at 590-91. Accordingly, this Court's holding conflicts with the holding of another United States Court of Appeals, and Graham therefor seeks a rehearing pursuant to Fed. R. App. P. 40 and U.S. Ct. of App. 4th Cir. Rule 40(b).

## CONCLUSION

For the reasons set forth above, Graham respectfully petitions this Court for rehearing on the issue of the availability of prejudgment interest.

Respectfully Submitted,

                              ROBERT E. GRAHAM

                              By Counsel,

/s/ Michael W. Carey
Michael W. Carey, WVSB No. 635
John A. Kessler, WVSB No. 2027
David R. Pogue, WVSB No. 10806
Carey, Scott, Douglas & Kessler, PLLC
901 Chase Tower
707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
(304) 345-1234
mwcarey@csdlawfirm.com
jakessler@csdlawfirm.com
drpogue@csdlawfirm.com

RECORD NO. 13-1517

IN THE
# United States Court of Appeals
FOR THE FOURTH CIRCUIT

ROBERT E. GRAHAM,

*Plaintiff-Appellee,*

v.

NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.,

*Defendant-Appellant.*

## CERTIFICATE OF SERVICE

I, Michael W. Carey, do hereby certify that on the 17th day of February, 2014, I have served the foregoing **"Petition for Rehearing"** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following participants:

**DON C. A. PARKER**
**GLEN A. MURPHY**
**Spilman Thomas & Battle, PLLC**
**Spilman Center**
**300 Kanawha Boulevard, East**
**P.O. Box 273**
**Charleston, West Virginia 25321**
dparker@spilmanlaw.com
gmurphy@spilmanlaw.com

/s/ Michael W. Carey
Michael W. Carey, WVSB No. 635