**RECORD NO. 13-1517**

In The
# United States Court of Appeals
For The Fourth Circuit

**ROBERT E. GRAHAM,**

*Plaintiff – Appellant,*

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,**

*Defendant – Appellee.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD**

―――――――――

**PETITION FOR REHEARING AND
PETITION FOR REHEARING *EN BANC***

―――――――――

Don C.A. Parker
Glen A. Murphy
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Boulevard, East
Post Office Box 273
Charleston, West Virginia  25321
(304) 340-3800

*Counsel for Appellee*

## STATEMENT REQUIRED BY RULE 35 OF THE FEDERAL RULES OF APPELLATE PROCEDURE AND FOURTH CIRCUIT LOCAL RULE 40(b)

On February 3, 2013, a panel of this Court issued a per curiam opinion that affirmed in part, vacated in part, and remanded this case to the District Court for further proceedings. At issue in this Petition for Rehearing is the panel's determination that the appellant ("Graham") is entitled to be compensated for his annoyance and inconvenience (subject to adequate proof thereof), after successfully suing his insurance company for defense and indemnity under a liability insurance policy. In counsel's judgment, this Court overlooked a material legal matter and the opinion is in conflict with a decision of the United States Supreme Court that is not addressed in the opinion. Specifically, the panel's opinion is in conflict with the Erie doctrine and did not follow controlling precedent in the State of West Virginia as articulated by the Supreme Court of Appeals of West Virginia in Aetna Cas. & Surety Co. v. Pitrolo, 342 S.E.2d 156 (W.Va. 1986). See, Erie R. Co. v. Thompkins, 304 U.S. 64 (1938).

It is undisputed that this matter is before the Court on diversity grounds and that the substantive law of the State of West Virginia controls. It is likewise undisputed that in West Virginia, the Supreme Court of Appeals can only make new law through the issuance of syllabus points as set forth in the Constitution of the State of West Virginia. See, Syl. pt. 2, Walker v. Doe, 558 S.E.2d 290 (2001). As such, the Court must apply the law of the State of West Virginia - as it currently

stands – with regard to the damages available to an insured who has sued his own insurance company under a policy of liability insurance; under Pitrolo, the insured's aggravation and inconvenience are not available categories of damages. See, Pitrolo, supra, Syl. pts. 1 and 2. Therefore, rehearing or rehearing *en banc* is warranted in order to remedy the panel's clear error of law in failing to follow the controlling law of the State of West Virginia in accordance with the Erie Doctrine.

## ARGUMENT

I.  **THE PANEL'S ERRONEOUS HOLDING THAT GRAHAM IS ENTITLED TO SEEK DAMAGES FOR ANNOYANCE AND INCONVENIENCE WARRANTS REHEARING *EN BANC***

The panel's *per curiam* holding that Graham is entitled to seek damages for all types of consequential damages, specifically annoyance and inconvenience, conflicts with the controlling law of the State of West Virginia, and therefore, runs afoul of the Erie Doctrine. To "secure or maintain uniformity of [this] [C]ourts decisions," and to resolve this "question of exceptional importance," the court should grant rehearing *en banc*. Fed. R. App. P. 35(a).

The panel's decision cannot be reconciled with the United States Supreme Court of Appeals' mandate that this Court, as well as all other federal courts sitting in diversity, must apply the substantive law of the forum state – commonly known as the "Erie Doctrine". See, Erie R. Co. v. Thompkins, 304 U.S. 64 (1938); see also, Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487 (1941) (stating that

2

"the proper function of the … federal court [sitting in diversity] is to ascertain what the state law is, not what it ought to be."). Pursuant to the Erie Doctrine, the Court cannot make a determination contrary to the controlling law in the State of West Virginia, regardless of the panel's opinion on the correctness or logic underlying such law. It is not this Court's function to create new law for the State of West Virginia, which it has done by determining that Graham is entitled to seek damages for annoyance and inconvenience.

Applying the Erie Doctrine, the Court must first determine what, if any, controlling law in the State of West Virginia exists. In West Virginia, when considering whether an opinion issued by the Supreme Court of Appeals of West Virginia is a controlling precedential opinion, one need only look so far as the syllabus points articulated in such opinion. The Supreme Court of Appeals of West Virginia has specifically held that it "will use signed opinions when new points of law are announced and **those points will be articulated through syllabus points as required by our State Constitution.**" Syl. pt. 2, Walker v. Doe, 558 S.E.2d 290 (2001) (emphasis added). The syllabus points themselves are the controlling law in the State of West Virginia.

In Pitrolo, supra, the Supreme Court of Appeals of West Virginia addressed the very question before this Court: what damages can be recovered by an insured who sued his own liability insurer to determine the insurer's duty to defend him

3

under the policy? Not only did the Supreme Court of Appeals of West Virginia address the issue that is currently before this Court; the Supreme Court of Appeals of West Virginia issued two new syllabus points that clearly created new, controlling law in West Virginia. In Aetna v. Pitrolo, supra, the Supreme Court of Appeals of West Virginia explicitly held as follows:

> 1. Where an insured is required to retain counsel to defend himself in litigation because his insurer has refused without valid justification to defend him, in violation of its insurance policy, the insured is entitled to recover from the insurer the expenses of litigation, including costs and reasonable attorney's fees.
>
> 2. Where a declaratory judgment action is filed to determine whether an insurer has a duty to defend its insured under its policy, if the insurer is found to have such a duty, its insured is entitled to recover reasonable attorney's fees arising from the declaratory judgment litigation.

Id. at Syl. pts. 1 and 2. It is undisputed that Pitrolo is still good law in the State of West Virginia, and that no subsequent cases have overruled Pitrolo. In fact, the case the panel relied upon to justify the award of aggravation and inconvenience damages was decided approximately 9 months after Pitrolo. See, Hayseeds v. State Farm Fire & Cas., 352 S.E.2d 73 (W.Va. 1986). However, Hayseeds simply does not apply to liability coverage/duty to defend cases.

If it was the Supreme Court of Appeals of West Virginia's intention to overrule Pitrolo and determine that Hayseeds damages for aggravation and

4

inconvenience were also applicable to instances involving an insurer's failure to defend under a liability insurance policy, it would have done that. However, it did not. The syllabus points articulated in <u>Pitrolo</u> have remained the controlling law in the State of West Virginia for 27 years, and have never been overruled by the Supreme Court of Appeals of West Virginia. It is not for this Court to decide what the law in the State of West Virginia should be through its own logic. It must **apply** the controlling law of the State of West Virginia; in this instance, <u>Pitrolo</u>. Thus, the panel's decision to ignore the controlling precedent of <u>Pitrolo</u> is contrary to the well-settled <u>Erie</u> Doctrine. As such, a rehearing is necessary to correct this clear error of law.

## CONCLUSION

The petition for rehearing and/or rehearing *en banc* should be granted.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**

**By: SPILMAN THOMAS & BATTLE, PLLC**

<u>/s/ Don C.A. Parker</u>
Don C.A. Parker (WV State Bar #7766)
Glen A. Murphy (WV State Bar #5587)
300 Kanawha Boulevard, E. (25301)
P. O. Box 273
Charleston, WV  25321-0273
Telephone: (304) 340-3800
Fax: (304) 340-3801

5

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 18th day of February, 2014, I caused this Petition for Rehearing and Petition for Rehearing *En Banc* to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Michael W. Carey
John A. Kessler
David R. Pogue
CAREY SCOTT DOUGLAS & KESSLER, PLLC
901 Chase Tower, 707 Virginia Street
Post Office Box 913
Charleston, West Virginia  25323
(304) 345-1234

*Counsel for Appellant*

/s/ Don C.A. Parker
*Counsel for Appellee*